Spear, J.
The affidavit upon which the defendant Borham was arraigned in the mayor’s court of Bellaire was made by the chief of police of that city, one Mahone, on the eleventh day of May, 1903, and charged Borham with keeping a room (saloon) open on Sunday, May 10,1903, the room not being a regular drug store, contrary to the statute made and provided, et cetera.
The statute referred to is section 4364-20, Revised Statutes, as amended April 3,1902, 95 O. L., 87. This amendment provides that the punishment shall be a fine not exceeding one hundred dollars and not less than twenty-five dollars for the first offense, and for each subsequent offense a fine of not more than two hundred dollars, or imprisonment not less than ten nor more than thirty days, or both. The affidavit charged only a first offense. Imprisonment, therefore, was no part of the sentence authorized or given.
Being arraigned, the accused plead guilty. The mayor thereupon imposed a fine of seventy-five dollars and costs, and ordered the accused to stand committed to the jail of Belmont county until paid or otherwise released according to law.
Being taken before the, court of common pleas on a writ of habeas corpus, that court, upon hearing, found that the accused was lawfully imprisoned and thereupon remanded him to the custody of the sheriff.
Upon error to the circuit court, that court, as appears by the docket and journal entries, reversed the judgment of the common pleas because they found manifest error in the record and proceedings in this, to-wit: “The court below erred in that it should have held that the said mayor had no jurisdiction to *360 sentence the said Borham, as the affidavit was not made by the party injured. ’ ’ The court then reversed the judgment of the common pleas, at the costs of the state, and proceeded to further order the accused discharged.
It is insisted by counsel for the defendant in error that the printed record is defective in that the hill of exceptions taken in the common pleas court upon the'hearing in the habeas corpus proceeding is not printed and .presented to this court. We think the defect, if it exists, is not important. The record of the court of common pleas was made up in the interest of the accused, and while it appears from the docket entry of the common pleas that a ‘hill of exceptions was filed there, and appears from the docket entry of the circuit court that a hill of exceptions from the common pleas was filed there, it does not appear that the record presented to the circuit court, upon which that court was asked to determine the rights of the parties, embraced any bill of exceptions. The certificate of the clerk of the common pleas certifying to the record made up in the interest of the accused, does not contain any hill of exceptions. But beyond this the docket entry and the journal entry of the circuit court fail to show that a hill of exceptions was considered by that court, as part of the record of the court below, and do show distinctly that the only error which the circuit court found in the proceedings of the court below was the error already referred to, viz.: that the common pleas ought to have held that the mayor had no jurisdiction to sentence Borham inasmuch as the affidavit upon which he was arraigned was not made by the party injured; a simple question of law. No other question appears to have been before the circuit court. It *361 would be a darkening of counsel to assume that the absence of that bill of exceptions in the circuit court and the printed record here is of the slightest consequence.
The mayor acted, in thus taking final jurisdiction and imposing sentence, upon the authority granted by section 1817, Revised Statutes, which provides that the mayor “shall have final jurisdiction to hear and determine any prosecution for a misdemeanor unless the accused is, by the constitution, entitled to a trial by jury.”
But it is contended by counsel for the accused, and doubtless this was the view taken by the learned circuit court, that the section above quoted is controlled in this respect, if not wholly superseded, by other sections of the statute. The section specially referred to is 7146, and it is insisted that if section 1817 is construed as giving mayors jurisdiction in prosecutions for misdemeanors to render final judgment where there is a plea of guilty and the complaint is not by the party injured, it renders nugatory as to one class of magistrates the provisions of section 7146 as amended many years after the passage of section 1817. It is further insisted that where there are contradictory provisions, and both are susceptible of a reasonable construction which will not render nugatory any part of either, it is the duty of the court to give such construction. Section 7146 does provide that where one accused of a misdemeanor is brought before a magistrate on the complaint of one other than the person injured, and pleads guilty, the magistrate shall require him to enter into a recognizance to appear at the proper court. It is also true that, in the broad sense, a mayor is a magistrate, so that there is conflict in the *362 text of the two sections. But the contention of counsel rests upon what we think is a wrong impression as to the order in which these sections were enacted. They are right in saying that 7146 has been amended since the enactment of 1817. But that fact has no special significance because the amendment was not with respect to this feature of the section. That remains in legal effect as first enacted, and it is not correct to assume that it is in that respect a later statute than section 1817. An examination of the year books shows that the act making it the duty of the magistrate to bind over on a plea of guilty where the complaint is not by the party injured, is first found in section 34 of the act of May 6,1869, 66 O. L., 293, while provision for final jurisdiction to mayors in prosecutions for misdemeanors where the accused is not entitled to a jury is found first in the revision of 1880, 367. Undoubtedly this section should receive the same construction now that it would have received just after its passage. This, then, is the situation. With the -provision of 7146 requiring recognizance to be given (which had been in force for a decade) before it, the general assembly (for we must assume, whatever the probabilities may be, that that body knows and has in mind the laws that are in force upon any subject about to be legislated upon), proceeded to enact section 1817. The language is at war with the text of 7146. Which shall prevail? The language of the later enactment is clear and unequivocal. No doubt exists as to the legal signification of the terms used. The mayor is given final jurisdiction to hear and determine where the accused is not entitled to a trial by jury. It is sought to make the point that the mayor does not “hear” if there is a plea of guilty. Why not? *363 The prisoner hears the charge; the court hears the plea. Must the mayor go on and listen to testimony after such plea in order to give to the proceeding the element of a hearing? Surely not. And why may he not as certainly and as lawfully “determine,” upon the confession, as he could upon the testimony of witnesses?
We are constrained to the conclusion that section 1817 was intended by the general assembly as an exception to the general provisions of 7146. Had the intent been otherwise, it would have been entirely easy, by the use of a half dozen words, to make that purpose plain. No such words are used. This conclusion is strengthened rather than weakened by the fact that, after the enactment of section 1817, the general subject was further considered as is shown by the amendment to section 7146, to which counsel for defendant call attention; and the fact that no change was then made in section 1817 indicates that none was desired. It is the duty of the courts to enforce plain statutes as they find them. Slingluff v. Weaver, 66 Ohio St., 621. By these plain terms final jurisdiction is given the mayor, provided only that the offense charged is a misdemeanor and that the accused is not entitled to a trial by jury. Section 4364-20, as amended April 3, 1902, makes the punishment for the first offense a fine, with costs. It was, therefore, only a misdemeanor, .and the accused was not entitled to a jury trial. Inwood v. The State, 42 Ohio St., 186. The mayor, therefore, was justified in exercising final jurisdiction.
We are not called upon to consider the wisdom or unwisdom of the statute; nor is it any part of our duty to reconcile, further than has been hereinbefore attempted, what appear to be conflicting provisions *364 where the provision applicable to the matter in hand is, as it is in this case, clear beyond question.
Hanaghan v. The State, 51 Ohio St., 24, is cited as giving the key to the proper construction of section 1817. We fail to see the application. The court in that case was dealing with a trial before a justice of the peace where the accusation was such as gave the accused a right to a trial by jury and involved a construction of sections 7146 and 7147. No reference whatever was made, and none was needed, to section 1817. We have no such case.
The judgment of the circuit court will be reversed and that of the common pleas affirmed, and an order directed for the execution of the judgment of the mayor of the city of Bellaire.

Reversed.

Davis, C. J., Shauck, Price and Crew, JJ., concur.